IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL SNYDER,                    :
                                   :
     Plaintiff,                    :
                                   :
v.                                 :    Case No. 1:06CV02213
                                   :    JUDGE: James Robertson
DALE LOWERY, <u>et</u> <u>al</u>.,            :
                                   :
     Defendant.                    :
_____:

DEFENDANTS DALE LOWERY, CASETECH INC. AND
<u>L&S REAL ESTATE, LLC'S ANSWER TO COMPLAINT</u>

Defendants Dale Lowery ("Lowery"), CASEtech, Inc.

("CASEtech") and L&S Real Estate, LLC ("L&S") (hereinafter

collectively referred to as "Defendants"), by and through

their undersigned counsel, hereby answer the Complaint filed

by Plaintiff Michael Snyder ("Snyder") as follows:

<u>JURISDICTION</u>

1.  The allegations in paragraph 1 of the Complaint call

for a legal conclusion to which no response is required.

2.  Defendants are without knowledge or information

sufficient to form a belief upon which to admit or deny the

allegations set forth in paragraph 2 of the Complaint.

3.  Defendants admit the allegations set forth in

paragraph 3 of the Complaint.

4.  Defendants admit the allegations set forth in

paragraph 4 of the Complaint.

5.        Defendants admit the allegations set forth in paragraph 5 of the Complaint.

6.  In response to the allegations set forth in paragraph 6 of the Complaint, Defendants do not understand the allegation that "[a]t the times relevant hereto before the acts, events, and/or omissions precipitating this Complaint and/or complained of herein," and therefore deny the allegation.  Defendants otherwise admit the allegation that Snyder was a 20% shareholder, director, and officer of CASEtech.  Defendants are without knowledge or information sufficient to form a belief upon which to admit or deny the allegation that Synder "should now be" such a shareholder, director or officer.

7.  In response to the allegations set forth in paragraph 7 of the Complaint, Defendants do not understand the allegation that "[a]t the times relevant hereto before the acts, events, and/or omissions precipitating this Complaint and/or complained of herein," and therefore deny the allegation.  Defendants otherwise admit the allegation that Snyder was a 1/3 owner of L&S.  Defendants are without knowledge or information sufficient to form a belief upon which to admit or deny the allegation that Synder "should now be" such an owner.

8.  Defendants are without knowledge or information sufficient to form a belief upon which to admit or deny the allegations set forth in paragraph 8 of the Complaint, except they admit that Snyder has owned 20% of the outstanding stock of CASEtech.

9.  Defendants are without knowledge or information sufficient to form a belief upon which to admit or deny the allegations set forth in paragraph 9 of the Complaint, except they admit that Snyder has had a 1/3 ownership interest in L&S.

10.  The allegations in paragraph 10 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is otherwise required, the allegations in paragraph 10 are denied.

11.  The allegations in paragraph 11 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is otherwise required, the allegations in paragraph 11 are denied.

12.  In response to paragraph 12 of the Complaint, Defendants admit that Lowery has owned 80% of the stock of CASEtech and state that the remaining allegations in paragraph 12 of the Complaint call for a legal conclusion to which no response is required.

13.   In response to paragraph 13 of the Complaint, Defendants admit that Lowery has had a 2/3 ownership interest in L&S and state that the remaining allegations in paragraph 13 of the Complaint call for a legal conclusion to which no response is required.

14.   The allegations in paragraph 14 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is otherwise required, the allegations in paragraph 14 are denied.

15.   Defendants are without knowledge or information sufficient to form a belief upon which to admit or deny the allegations set forth in the first three sentences of paragraph 15 of the Complaint, except they admit that Most Ventures, Inc. ("MVI") was interested in purchasing Lowery's shares in CASEtech, and that Lowery was interested in selling his interest in CASEtech and withdrawing from the firm.  In response to the allegations in the last sentence of paragraph 15, Defendants admit that they were willing to undertake appropriate actions to consummate the sale and deny the allegation that Snyder was willing to undertake appropriate actions to consummate the sale.

16.   The allegations in paragraph 16 of the Complaint call for a legal conclusion to which no response is required.

4

To the extent a response is otherwise required, the allegations in paragraph 16 are denied.

17.    Defendants are without knowledge or information sufficient to form a belief upon which to admit or deny the allegations set forth in the first sentence of paragraph 17 of the Complaint, except they admit that in March 2005, CASEtech owed approximately $200,000 to National Capital Bank. Defendants deny the allegations set forth in the second and third sentences of paragraph 17 of the Complaint.

18.    Defendants admit the allegations set forth in paragraph 18 of the Complaint.

19.    Defendants are without knowledge or information sufficient to form a belief upon which to admit or deny the allegations set forth in paragraph 19 of the Complaint.

20.    Defendants are without knowledge or information sufficient to form a belief upon which to admit or deny the allegations set forth in paragraph 20 of the Complaint.

21.    Defendants are without knowledge or information sufficient to form a belief upon which to admit or deny the allegations set forth in paragraph 21 of the Complaint, except they admit that CASEtech owed approximately $200,000 to National Capital Bank.

22.   Defendants admit the allegations set forth in paragraph 22 of the Complaint, except they deny the allegation that the money realized from the sale be "invested" in CASEtech.

23.   Defendants admit the allegations set forth in paragraph 23 of the Complaint, except they deny the allegation that Snyder agreed to "invest some money back into CASEtech" and state that Snyder agreed to the terms and conditions of the Funding Allocation Agreement.

24.   Defendants admit the allegations set forth in the first sentence of paragraph 24 of the Complaint.  Defendants are without knowledge or information sufficient to form a belief upon which to admit or deny the allegation set forth in the second sentence of paragraph 24 of the Complaint that the Agreement was presented to Snyder before he had any knowledge of MOST, and deny the allegation in the same sentence that Snyder did not have any knowledge that CASEtech had accumulated additional debt of $270,000 which was owed to Lowery.

25.   In response to the allegations set forth in paragraph 25 of the Complaint, the terms of the Funding Allocation Agreement speak for themselves, and Defendants deny all other characterizations thereof.

6

26.   Defendants deny the allegations set forth in paragraph 26 of the Complaint, except they admit that Lowery presented the Agreement to Snyder and that Snyder signed the Agreement.

27.   Defendants deny the allegations set forth in paragraph 27 of the Complaint and state that Lowery's intent is set forth in the terms of the Funding Allocation Agreement.

28.   Defendants deny the allegations set forth in paragraph 28 of the Complaint, except they admit that Snyder signed the Agreement, the terms of which speak for themselves.

29.   Defendants deny the allegations set forth in paragraph 29 of the Complaint.

30.   Defendants deny the allegations set forth in paragraph 30 of the Complaint.

31.   Defendants deny the allegations set forth in paragraph 31 of the Complaint, except they admit that MVI decided not to go forward with the sale.

32.   Defendants deny the allegations set forth in paragraph 32 of the Complaint.

33.   Defendants deny the allegations set forth in paragraph 33 of the Complaint.

34.   Defendants deny the allegations set forth in paragraph 34 of the Complaint, except they admit that Snyder interfered with the sale to MVI.

35.   Defendants deny the allegations set forth in paragraph 35 of the Complaint.

36.   Defendants deny the allegations set forth in paragraph 36 of the Complaint.

**COUNT I**
**(INJUNCTIVE RELIEF)**

37.   Defendants reallege and incorporate herein by reference their responses set forth above as if fully set forth herein.

38.   Defendants deny the allegations set forth in paragraph 38 of the Complaint.

39.   Defendants are without knowledge or information sufficient to form a belief upon which to admit or deny the allegations set forth in paragraph 39 of the Complaint.

40. Defendants deny the allegations set forth in paragraph 40 of the Complaint.

41.   Defendants deny the allegations set forth in paragraph 41 of the Complaint.

## COUNT II
## (Breach of Fiduciary Duties)

42.  Defendants reallege and incorporate herein by reference their responses set forth above as if fully set forth herein.

43.  Defendants deny the allegations set forth in paragraph 43 of the Complaint.

44.  Defendants deny the allegations set forth in paragraph 44 of the Complaint.

45.  Defendants deny the allegations set forth in paragraph 45 of the Complaint.

## COUNT III
## (Breach of Contract)

46.  Defendants reallege and incorporate herein by reference their responses set forth above as if fully set forth herein.

47.  Defendants deny the allegations set forth in paragraph 47 of the Complaint.

48.  Defendants deny the allegations set forth in paragraph 48 of the Complaint.

## COUNT IV
### (Tortious Breach of Covenant of Good Faith and Fair Dealing)

49. Defendants reallege and incorporate herein by reference their responses set forth above as if fully set forth herein.

50. Defendants deny the allegations set forth in paragraph 50 of the Complaint.

51. Defendants deny the allegations set forth in paragraph 51 of the Complaint.

52. Defendants deny the allegations set forth in paragraph misnumbered as paragraph 60 in the Complaint [paragraph 60 in page 16 of the Complaint is misnumbered].

## COUNT V
### (Waste/Misappropriation of Corporate Assets/Funds)

53. In response to the paragraph which is misnumbered as 52 in the Complaint, Defendants reallege and incorporate herein by reference their responses set forth above as if fully set forth herein.

54. Defendants deny the allegations set forth in the paragraph which is misnumbered as 53 paragraph in the Complaint.

55. Defendants deny the allegations set forth in the paragraph which is misnumbered as 54 paragraph in the Complaint.

10

**COUNT VII**
**[misnumbered: there is no Count VI]**
<u>**(Fraud)**</u>

56.    In response to the paragraph which is misnumbered as 55 in the Complaint, Defendants reallege and incorporate herein by reference their responses set forth above as if fully set forth herein.

57.    Defendants deny the allegations set forth in the paragraph which is misnumbered as 56 paragraph in the Complaint.

58.    Defendants deny the allegations set forth in the paragraph which is misnumbered as 57 paragraph in the Complaint.

59.    Defendants deny the allegations set forth in the paragraph which is misnumbered as 58 paragraph in the Complaint.

60.    Defendants deny the allegations set forth in the paragraph which is misnumbered as 59 paragraph in the Complaint.

**COUNT VII**
<u>**(Unjust Enrichment)**</u>

61.    In response to the paragraph which is misnumbered as 60 in the Complaint, Defendants reallege and incorporate herein by reference their responses set forth above as if fully set forth herein.

11

62.   Defendants deny the allegations set forth in the paragraph which is misnumbered as 61 paragraph in the Complaint.

63.   Defendants deny the allegations set forth in the paragraph which is misnumbered as 62 paragraph in the Complaint.

## COUNT VIII
### (Trover and Conversion)

64.   In response to the paragraph which is misnumbered as 63 in the Complaint, Defendants reallege and incorporate herein by reference their responses set forth above as if fully set forth herein.

65.   Defendants deny the allegations set forth in the paragraph which is misnumbered as 64 paragraph in the Complaint.

66.   Defendants deny the allegations set forth in the paragraph which is misnumbered as 65 paragraph in the Complaint.

67.   Defendants deny the allegations set forth in the paragraph which is misnumbered as 66 paragraph in the Complaint.

## COUNT IX
## (Declaratory Relief)

68.  In response to the paragraph which is misnumbered as 67 in the Complaint, Defendants reallege and incorporate herein by reference their responses set forth above as if fully set forth herein.

69.  The allegations in paragraph which is misnumbered as paragraph 68 in the Complaint call for a legal conclusion to which no response is required.  To the extent a response is otherwise required, the allegations are denied.

70.  The allegations in paragraph which is misnumbered as paragraph 69 in the Complaint call for a legal conclusion to which no response is required.  To the extent a response is otherwise required, the allegations are denied.

71.  Defendants deny the allegations set forth in the paragraph which is misnumbered as 70 paragraph in the Complaint.

72.  Defendants deny the allegations set forth in the paragraph which is misnumbered as 71 paragraph in the Complaint.

73.  Defendants deny the allegations set forth in the paragraph which is misnumbered as 72 paragraph in the Complaint.

74.  Defendants deny the allegations set forth in the paragraph which is misnumbered as 73 paragraph in the Complaint.

### COUNT X
### <ins>(ACCOUNTING AND EQUITABLE LIEN/CONSTRUCTIVE TRUST)</ins>

75.  In response to the paragraph which is misnumbered as 74 in the Complaint, Defendants reallege and incorporate herein by reference their responses set forth above as if fully set forth herein.

76.  Defendants deny the allegations set forth in the paragraph which is misnumbered as 75 paragraph in the Complaint.

77.  Defendants deny the allegations set forth in the paragraph which is misnumbered as 76 paragraph in the Complaint.

78.  Defendants deny the allegations set forth in the paragraph which is misnumbered as 77 paragraph in the Complaint.

### COUNT XI
### <ins>(JUDICIAL DISSOLUTION OF L&S, LLC)</ins>

79.  In response to the paragraph which is misnumbered as 78 in the Complaint, Defendants reallege and incorporate herein by reference their responses set forth above as if fully set forth herein.

14

80.  Defendants deny the allegations set forth in the paragraph which is misnumbered as 79 paragraph in the Complaint.

81.  Defendants deny the allegations set forth in the paragraph which is misnumbered as 80 paragraph in the Complaint.

82.  Defendants deny the allegations set forth in the paragraph which is misnumbered as 81 paragraph in the Complaint.

83.  Any other allegations in the Complaint not addressed above to which a response is required are denied, and Defendants demand strict proof thereof.

### **AFFIRMATIVE DEFENSES**

1.  The Complaint fails to state a claim upon which relief can be provided.

2.  Plaintiff's claims are barred pursuant to the terms of the Funding Allocation Agreement.

3.  Plaintiff's claims are barred by release.

4.  Plaintiff's claims are barred by payment.

5.  Plaintiff's claims are barred by waiver.

6.  Plaintiff's claims are barred by estoppel.

7.  Plaintiff's claims are barred by ratification.

8.  Plaintiff's claims are barred because of Plaintiff's interference with the Most Ventures, Inc. contract.

9.  Plaintiff's claims are barred because of Plaintiff's breach of fiduciary duty.

10.  Plaintiff's claim for fraud is barred because of a lack of specificity.

11.  Plaintiff's claims are subject to set-off.


WHEREFORE, Defendants Dale Lowery, <u>et al</u>., respectfully request that the Complaint be dismissed with prejudice, that attorneys' fees and the costs of this action be assessed against Plaintiff, and for such other and further relief that the Court may determine.


Respectfully submitted,

COOTER, MANGOLD, TOMPERT
 & KARAS, L.L.C.


_____/s/_____
Dale A. Cooter, #277454
James E. Tompert, #358952
5301 Wisconsin Avenue, N.W.
Suite 500
Washington, D.C. 20015
(202)537-0700
efiling@cootermangold.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 22nd day of November, 2006, a copy of the foregoing **ANSWER** was filed electronically pursuant to the Electronic Case Filing procedures of the United States District Court of the District of Columbia and sent by electronic mail to:

        David Z. Kaufman, Esq.
        KAUFMAN LAW, P.C.
        11350 Random Hills Road
        Suite 800
        Fairfax, VA 22030
        David@dzklaw.com




                    _____/s/_____
                        Dale A. Cooter