```
        IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF COLUMBIA
```

MICHAEL SNYDER,                      :
                                     :
    Plaintiff,                       :
                                     :
v.                                   :   Civil Action No. 06-2213 (JR)
                                     :
DALE LOWERY, et al.,                 :
                                     :
    Defendants.                      :
_____:

### DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION
### TO DEFENDANTS' MOTION FOR RULE 11 SANCTIONS

Defendants Dale Lowery ("Lowery"), et al., by and through counsel, hereby submits this Reply to Plaintiff Michael Snyder's ("Snyder") Opposition to Defendants' Motion for Rule 11 Sanctions and state as follows.

### INTRODUCTION

Plaintiff's main argument in his Opposition to Defendants' Motion for Rule 11 Sanctions is that the Funding Agreement is void for lack of consideration. As discussed below, the Agreement is not void for lack of consideration. Furthermore, Plaintiff did not raise this defense in any of his Initial Disclosures as required by Rule 26(a)(1) of the Federal Rules of Civil Procedure. Finally, in his Opposition, Plaintiff did not even address any of the other reasons why the claims in his Complaint are not warranted by existing law or by a non-frivolous argument for the extension,

modification, or reversal of existing law or otherwise lack evidentiary support. As such, the Complaint is violative of both Rule 11(b)(2) and 11(b)(3) of the Federal Rules of Civil Procedure and Defendants' Motion for Rule 11 Sanctions should be granted.

## ARGUMENT

### I. The Funding Agreement Is Not Void For Lack Of Consideration.

Plaintiff's argument that the Funding Agreement is void for lack of consideration is without merit. The Funding Agreement is, in fact, supported by consideration in its very terms. Jacobson v. Jacobson, 277 A.2d 280, 282 (D.C. 1971) (a promise is a sufficient consideration for a return promise); 1 A. CORBIN, CORBIN ON CONTRACTS, §143 at 614 (1963) ("as a general rule . . . a promise is a sufficient consideration for a return promise if the performance that is promised would be a sufficient consideration."); accord Weaver and Associates, Inc. v. Asphalt Const., Inc., 587 F.2d 1315, 1318 (D.C. Cir. 1978). The FOURTH paragraph of the Funding Agreement has an express promise to distribute to the partners "any funds remaining after satisfaction of the above obligations . . . according to their relative ownership interests in L&S, i.e. 66.7% to Dale E. Lowery and 33.3% to I. Michael Snyder."

Exhibit A to Motion for Sanctions.  This clause, in and of itself, is sufficient consideration to support the Agreement. Jacobson, 277 A.2d at 282;  1 A. CORBIN, CORBIN ON CONTRACTS, §143 at 614; Weaver and Associates, Inc., 587 F.2d at 1318.

Also, there is no dispute that Plaintiff received actual consideration pursuant to the terms of the Funding Agreement. Plaintiff received the distribution he was entitled to ($22,416.67 for deferred salary and $85,427.59 for his 33.3% ownership interest in L&S) and this constitutes sufficient consideration.  Furthermore, as owner of 20% of the stock in CASEtech, Plaintiff also received consideration from the elimination of CASEtech debt.  Just because Plaintiff did not receive the consideration that he thought he should have received is not grounds to declare the Funding Agreement void for lack of consideration.[1]  See In re Technical Land Inc., 172 B.R. 429, 435 (Bankr. D.C. 1994)(noting that the legally sufficient consideration required to support a contract can be nominal).  Synder was promised consideration for his execution of the Agreement and received consideration in accordance with the terms of the Agreement.  As such, there can be no

---

[1] Likewise, the contention by Lowery that he was somehow tricked into signing the Funding Agreement, which is spurious and is also disputed, is not sufficient grounds to have the Agreement declared void for lack of consideration.

legitimate dispute that the Agreement is void for lack of consideration.

## II. Plaintiff Did Not Raise His Lack Of Consideration Defense In His Initial Disclosures.

The frivolity of Plaintiff's new argument is demonstrated in his failure to disclose this defense in his Initial Disclosures as required by Federal Rule of Civil Procedure 26(a)(1). A copy of Plaintiff's Initial Disclosures is attached as Exhibit A. In this regard, Rule 26(a)(1) requires: "the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information." Fed. R. Civ. P. 26(a)(1). Plaintiff's Initial Disclosures simply listed the names of various individuals, without providing their addresses, telephone numbers, or the nature of any knowledge that they may have had, including information which would tend to support Plaintiff's defense that the Agreement is void for lack of consideration. Exhibit A. Plaintiff has also not produced any documents whatsoever in support of this defense. On April 26, 2007, Plaintiff was advised that his Initial Disclosures did not comply with Rule 26(a)(1) of the Federal

Rules of Civil Procedure and was asked to comply with the requirements in that Rule as soon as possible. Exhibit B. To date, Plaintiff has failed to do so. Therefore, he should not now be allowed to concoct a defense, which is not supported by the case law and lacks evidentiary support.

### III. **Plaintiff's Claims Are Violative of Rule 11**.

In his Opposition, Plaintiff does not even address the myriad of other reasons set forth in the Motion for Rule 11 Sanctions why the claims in the Complaint are deficient. As set forth in detail in pages 5 through 15 of the Motion for Rule 11 Sanctions, each and every one of the eleven claims in Plaintiff's Complaint is not warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or otherwise lacks evidentiary support. As such, it is apparent that Plaintiff has committed a wholesale violation of Rule 11 of the Federal Rules of Civil Procedure and that sanctions should be assessed against him.[2]

### CONCLUSION

For the foregoing reasons, Defendants Dale Lowery, <u>et al</u>., respectfully request that their Motion for Rule 11

---

[2] After the summary judgment briefing in this case is completed, Defendants intend to submit an itemized statement of attorneys' fees and costs to quantify the amount of sanctions to be assessed against Plaintiff.

Sanctions be granted, and that they be awarded attorneys' fees and the costs of this action.

          Respectfully submitted,

          COOTER, MANGOLD, TOMPERT
           & KARAS, L.L.P.


          _____/s/_____
          Dale A. Cooter, #277454
          James E. Tompert, #358952
          5301 Wisconsin Avenue, N.W.
          Suite 500
          Washington, D.C. 20015
          (202)537-0700
          efiling@cootermangold.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 18th day of May 2007, a copy of the foregoing **REPLY** was filed electronically pursuant to the Electronic Case Filing procedures of the United States District Court of the District of Columbia and sent by electronic mail to:

>David Z. Kaufman, Esq.
>KAUFMAN LAW, P.C.
>11350 Random Hills Road
>Suite 800
>Fairfax, VA 22030
>David@dzklaw.com

_____/s/_____
Dale A. Cooter

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Snyder, Michael

    Plaintiff

v.                                  Case No.: 1:06cv02213 JR

Dale Lowery et al.

    Defendants

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**PLAINTIFF'S INITIAL DISCLOSURES UNDER
F.R.C.P. 26(a)(1)**

COMES NOW the Plaintiff, Michael Snyder, and provides this, the initial disclosures required by Fed. R. Civ. P. 26(a) and states:

1. The documents required to be produced under Fed. R. Civ. P. 26(a)(1)(b) through (d) are contained on the CD attached to this pleading in either *.pdf or *.doc or *.xls format. These are standard formats used by Adobe Acrobat, MicroSoft Word, and MicroSoft Excel respectively.

2. The names of individuals and, where known, contact information required to be disclosed under Fed. R. Civ. P. 26(a)(1)(a) are:

    a.     Christine Kirby;

    b.     Eric Cohen;

    c.     Kathleen Edwards;

**ENTERED** APR 17 2007

d. Steve Lowery;

e. Mike Licht

f. Paul Buerkholtz;

g. Elizabeth Jenkins;

h. Ryan See;

i. David Wendelken;

j. Donna Hanousek;

k. Tom Strobell;

l. Hossein Noshirvani;

m. Oron Strauss;

n. Hetal Patel;

o. Andy Greenfield;

p. James Biggs;

q. Stan Zdun;

r. Christine (Tina) Baily;

s. Chick Becker;

t. Daniel Gilliland;

u. George Didden;

v. George Conners;

w. Kitty Kaup;

x. Brian Alpert, Esq.

Respectfully submitted,

Michael Snyder,<br>
By Counsel

KAUFMAN LAW, A Professional Corporation
11350 Random Hills Rd. Suite 800
Fairfax, VA 22030
703.764.9080
703.764-0014 (fax)
David@businessbrawls.com
Counsel for Plaintiff

By: **D.Z. Kaufman**  *(Digitally signed by D.Z. Kaufman, DN: CN = D.Z. Kaufman, C = US, O = Kaufman Law, A Professional Corporation, Date: 2007.04.11 11:00:52 -04'00')*
D.Z. Kaufman, Bar # 435123

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2007, a copy of the above document was served via ECF of the U.S. District Court of the District of Columbia on counsel for Defendants Dale A. Cooter, Esq. and James E. Tompert, Esq., 5301 Wisconsin Ave., NW, Suite 500, Washington, D.C. 20015 and another copy of the document as well as the accompanying CD was mailed, first class postage prepaid, to the same parties at the same address.

**D.Z. Kaufman** *(Digitally signed by D.Z. Kaufman, DN: CN = D.Z. Kaufman, C = US, O = Kaufman Law, A Professional Corporation, Date: 2007.04.11 11:00:40 -04'00')*
David Zachary Kaufman

**EXHIBIT B**

ENTERED APR 26 2007

LAW OFFICES
## COOTER, MANGOLD, TOMPERT & KARAS, L.L.P.
5301 WISCONSIN AVENUE, N.W.
SUITE 500
WASHINGTON, D.C. 20015
TEL: (202) 537-0700
FAX: (202) 364-3664

JAMES E. TOMPERT
WRITER'S DIRECT DIAL
(202) 537-6980
jtompert@cootermangold.com

April 26, 2007

**VIA HAND DELIVERY**

David Z. Kaufman, Esq.
KAUFMAN LAW, P.C.
11350 Random Hills Road
Suite 800
Fairfax, VA 22030

        Re: **Michael Snyder v. Dale Lowery et al**.
           No. 1:06CV02213

Dear Mr. Kaufman:

    Pursuant to your request, please find enclosed copies of the documents we have compiled as part of our initial disclosures in the above-referenced case.

    Also, we have reviewed your Initial Disclosures and have determined that they do not comply with Rule 26(a)(1) of the Federal Rules of Civil Procedure. Please provide the disclosures which are required by Rule 26(a)(1) as soon as possible.

                            Sincerely,

                            James E. Tompert

Enclosures

CC: Dale A. Cooter, Esq.