IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL SNYDER,            :
                          :
    Plaintiff,        :
                          :
v.                     :   Civil Action No. 06-2213 (JR)
                          :
DALE LOWERY, et al.,   :
                          :
    Defendants.       :
_____:

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants Dale Lowery ("Lowery"), et al., by and through undersigned counsel, hereby submit their Reply to the Opposition to Defendants' Motion for Summary Judgment filed by Plaintiff Michael Snyder ("Snyder") and state as follows.

**INTRODUCTION**

In his Opposition, Plaintiff does not refute any of the material facts in support of Defendants' Motion for Summary Judgment.  Indeed, Plaintiff did not even submit a statement of material facts in dispute as required by Rule 56.1 of the Rules of this Court.  For this reason alone, pursuant to Rule 56(e) of the Federal Rules of Civil Procedure and Rule 56.1 of the Rules of this Court, Defendants are entitled to summary judgment.

Instead of refuting any material facts, Plaintiff  merely does three things: (1) of the eleven counts in his Complaint,

Plaintiff has abandoned four counts and part of another count in his Complaint[1]; (2) Plaintiff attempts to elaborate on his contention that the Funding Agreement is not a valid contract because it lacks consideration; and (3) Plaintiff attempts to establish that L&S Real Estate, LLC ("L&S") and CASEtech, Inc. ("CASEtech") were operated as partnerships in order to show that Lowery owed a fiduciary duty to Snyder.

As explained below, Defendants are entitled to summary judgment on those claims that Plaintiff has abandoned. Indeed, it is now obvious that these claims were filed in violation of the Rule 11 of the Federal Rules of Civil Procedure.

Moreover, Plaintiff cannot salvage the remaining claims by arguing that the Funding Agreement fails for lack of consideration or that Lowery somehow has breached a fiduciary duty to Synder.  The argument by Plaintiff that the Funding

---

[1] Plaintiff has also filed a Motion for Leave to File an Amended Complaint and attempted to couch his Memorandum in Opposition as a memorandum in support of a Cross-Motion for Summary Judgment, even though Snyder failed to file a Cross-Motion for Summary Judgment as required by Rule 56 of the Federal Rules of Civil Procedure.  Defendants' Oppositions to the Motion for Leave and Cross-Motion, assuming that Plaintiff's Memorandum in Opposition is deemed as a Cross-Motion, are not due until June 25, 2007.  Defendants intend to file oppositions at that time and address the issues raised therein which do not pertain to Defendants' Motion for Summary Judgment.

Agreement is void for lack of consideration is a frivolous argument, which again is violative of Rule 11 of the Federal Rules of Civil Procedure. Basic legal research, even the cases cited by Plaintiff, establish that the Funding Agreement is supported by consideration, and it is not disputed that Snyder received actual consideration pursuant to the terms of the Agreement. Also, Plaintiff has no claim for breach of fiduciary duty because Lowery complied with the terms of the Funding Agreement and there is no evidence that Lowery breached any fiduciary duty that he may have owed to Snyder.

**ARGUMENT**

**I.    DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON THE CLAIMS ABANDONED BY PLAINTIFF.**

Defendants are entitled to summary judgment with prejudice on the claims abandoned by Plaintiff, namely Count I for injunctive relief, Count V for waste and misappropriation of corporate assets/funds, Count VI for fraud, and Count IX for declaratory relief. They are also entitled to summary judgment on the claim for an accounting set forth in Count X, which has been abandoned by Plaintiff.

In the introductory paragraph to Plaintiff's Opposition, Plaintiff made it clear that he is withdrawing these claims and contemporaneously filed a Motion for Leave to Amend

3

Complaint.  Plaintiff then attempted to oppose Defendants'
Motion for Summary Judgment on the remaining claims.
Accordingly, Defendants respectfully request that this Court
grant summary judgment in their favor on the claims abandoned
by Plaintiff as enumerated above.

## II.  DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON THE REMAINING CLAIMS IN PLAINTIFF'S COMPLAINT.

Defendants are entitled to summary judgement on the
remaining claims in Plaintiff's Complaint[2] because Defendants
complied with the terms of the Funding Agreement, which was
supported by adequate legal consideration.  Moreover, even if
Lowery owes a fiduciary duty to Snyder, Lowery did not breach
any such duty.  Pursuant to the L&S Operating Agreement,
Snyder has not presented any evidence that Lowery engaged in
"grossly negligent or reckless conduct, intentional
misconduct, or a knowing violation of law."  Exhibit 3 to
Plaintiff's Opposition at 11, ¶5.4.3(b).  Because Plaintiff's
entire argument on the remaining claims set forth in his
Opposition is dependent on the allegations that the Funding
Agreement lacks consideration and that L&S and CASEtech were
operated as partnerships, this Court should grant Defendants'

---

[2] In the event that the Court grants Plaintiff's Motion
for Leave to Amend Complaint, Defendants are entitled to
summary judgment on the identical claims alleged therein.

Motion for Summary Judgment.

### A.  Count II For Breach Of Fiduciary Duty Should Be Dismissed.

As Plaintiff concedes in his Opposition, his claim for breach of fiduciary duty (and his other remaining claims) depend on whether or not the Funding Agreement is an enforceable contract.  Plaintiff's Opposition at 10. Plaintiff argues that the Agreement is not an enforceable contract because it is void for lack of consideration.  Id. at 4-5.  This is a frivolous argument.  The Funding Agreement is, in fact, supported by consideration in its very terms. Jacobson v. Jacobson, 277 A.2d 280, 282 (D.C. 1971) (a promise is a sufficient consideration for a return promise); 1 A. CORBIN, CORBIN ON CONTRACTS, §143 at 614 (1963) ("as a general rule . . . a promise is a sufficient consideration for a return promise if the performance that is promised would be a sufficient consideration."); accord Weaver and Associates, Inc. v. Asphalt Const., Inc., 587 F.2d 1315, 1318 (D.C. Cir. 1978).[3]  In this regard, the FOURTH paragraph of the Funding

_____

[3] Even the case law cited by Snyder supports this conclusion.  Plaintiff's Opposition at 4 ("Thus, consideration may be either a benefit to the promisor (Snyder) or a detriment to the promisee (Lowery)").  A simple review of the terms of the Funding Agreement shows that there is a benefit to Snyder from his execution of the Agreement.  See Exhibit A to Motion for Summary Judgment.

Agreement has an express promise to distribute to the partners
"any funds remaining after satisfaction of the above
obligations . . . according to their relative ownership
interests in L&S, i.e. 66.7% to Dale E. Lowery and 33.3% to I.
Michael Snyder."  Exhibit A to Motion for Summary Judgment.
This clause, in and of itself, is sufficient consideration to
support the Agreement.  Jacobson, 277 A.2d at 282;  1 A.
CORBIN, CORBIN ON CONTRACTS, §143 at 614;  Weaver and
Associates, Inc., 587 F.2d at 1318.

Also, there is no dispute that Plaintiff received actual
consideration pursuant to the terms of the Funding Agreement.
Plaintiff received a distribution in the total amount of
$107,844.06 pursuant to the terms of the Funding Agreement
($22,416.67 for deferred salary and $85,427.59 for his 33.3%
ownership interest in L&S).  Exhibit B to Motion for Summary
Judgment at ¶¶11-15.  Furthermore, as owner of 20% of the
stock in CASEtech, Plaintiff also received consideration from
the elimination of CASEtech debt.  Id. at ¶12.  Just because
Plaintiff did not receive the consideration that he thought he
should have received is not grounds to declare the Funding
Agreement void for lack of consideration.  See In re Technical
Land Inc., 172 B.R. 429, 435 (Bankr. D.C. 1994)(noting that
the legally sufficient consideration required to support a

6

contract can be nominal).  Snyder was promised consideration
for his execution of the Agreement and received consideration
in accordance with the terms of the Agreement.  As such, there
can be no legitimate dispute that the Agreement is not void
for lack of consideration and Plaintiff's claim for breach of
fiduciary duty fails as a matter of law.

Moreover, even if it is assumed *arguendo* that Lowery owed
a fiduciary duty to Snyder, then Defendants are still entitled
to summary judgment.  Because Lowery has complied with the
terms of the Funding Agreement, he could not have breached any
such duty.  Also, Snyder does not dispute the fact that, prior
to the execution of the Funding Agreement, Snyder had full and
complete access to the books and records of both L&S and
CASEtech, and took the books and records home to review them.
Exhibit B to Motion for Summary Judgment at ¶9.  Since Snyder
has not presented any evidence other than the distribution of
monies pursuant to the terms of the Funding Agreement that
Lowery breached his fiduciary duty, Lowery is entitled to
summary judgment on the claim for breach of fiduciary duty.[4]

---

[4] Snyder has not presented any evidence that there was a
waste or misappropriation of company funds as set forth in
paragraph 44 of his Complaint.  Indeed, he has even withdrawn
this paragraph and the allegations therein in his Amended
Complaint.  Moreover, even if there was any such evidence,
which there is not, the claim could only be brought as a

Moreover, Lowery is entitled to the protection of the business judgment rule, which Snyder ignores in his Opposition. This rule protects Lowery from management disputes such as the one that Snyder has tried to concoct. See Gabelli & Co. v. Ligget Group, Inc., 479 A.2d 276, 289 (Del. 1984); Behradrezaee v. Dashtara, 910 A.2d 349, 361 (D.C. 2006).

Furthermore, the standard for any breach of fiduciary duty is, as cited by Snyder, set forth in the L&S Operating Agreement executed by Lowery and Snyder. Exhibit 3 to Plaintiff's Opposition. The Agreement provides that:

> A member's duty of care to the Company and the other Members in the conduct and winding up of the Company business **is limited to refraining from engaging in grossly negligent or reckless conduct, intentional misconduct, or a knowing violation of law.**

Id. at 11, ¶5.4.3(b) (emphasis supplied). Snyder has presented  no evidence whatsoever that Lowery has engaged "in grossly negligent or reckless conduct, intentional misconduct, or a knowing violation of law." Id. At best, Snyder has presented evidence that he disagrees with the way in which Lowery distributed the proceeds from the sale of the Second Street property. This evidence does not constitute gross negligence, reckless conduct, intentional misconduct or a

---

derivative claim, which Snyder did not do.

8

knowing violation of law.

### B.   Count III For Breach Of Contract Should Be Dismissed.

As stated in Defendants' Motion for Summary Judgment, in his Complaint Snyder did not identify any term of any contract that he contends Lowery breached.  In his Opposition, Snyder now contends that there was no breach of the Funding Agreement, but instead a breach of paragraph 5.4.3(b) of the Operating Agreement, recited above.  Plaintiff's Opposition at 10-11.  As explained above, since Lowery complied with the terms of the Funding Agreement, there is no breach of paragraph 5.4.3(b) of the Operating Agreement.  Because of this, and because there are no disputed facts which are material to the claim for breach of contract, Defendants are entitled to summary judgment.

### C.   Count IV For Tortious Breach of Covenant of Good Faith and Fair Dealing Should Be Dismissed.

Because Snyder cannot satisfy his burden of proof on his breach of contract claim, he also cannot prove his claim for breach of the covenant of good faith and fair dealing. Contrary to the contention by Plaintiff, there can be no breach of the covenant of good faith and fair dealing in the abstract because there can only be a breach of the covenant of good faith and fair dealing when there is a breach of an

express term or condition of a contract.  <u>Parker v. Columbia</u>
<u>Bank</u>, 91 Md.App. 346, 604 A.2d 521, 531 (1992); <u>Anderson v.</u>
<u>Chevron Corp.</u>, 933 F.Supp. 52, 55 (D.D.C. 1996) (<u>citing</u>
<u>Mahoney</u> <u>v. NationsBank of Virginia, N.A.</u>, 249 Va. 216, 455
S.E.2d 5, 8-9 (1995)).

 The contention by Snyder that "there can be a breach of
the covenant of good faith and fair dealing even in the
absence of an express term or condition of a contract," is
wrong.  Plaintiff's Opposition at 12.  The case that Snyder
cites to argue that there can be a breach of good faith and
fair dealing in the absence of an express term or condition of
a contract (<u>Overseas Private Inv. Corp. v. Industria de Pesco,</u>
<u>N.A., Inc.</u>, 920 F. Supp. 207, 211 (D.D.C. 1996)) does not
support his argument, and instead actually supports
Defendants' argument.  In <u>Overseas Private Inv. Corp.</u>, the
Court stated **"that an implied duty of good faith cannot**
**supplant the terms actually contained in a contract."** <u>Id.</u>
(emphasis supplied).  Also, the Court's assertion that "'the
mere recitation of an express power is not always the test' of
whether there is an implied good-faith limitation on a party's
power to act under a contract," does not advance Snyder's
argument that there can be a breach of good faith and fair
dealing in the absence of an express term or condition of a

contract.  <u>Id.</u> at 211 (<u>citing</u> <u>Tymshare, Inc. v. Covell</u>, 727
F.2d 1145, 1153 (C.A.D.C. 1984)).

Furthermore, Lowery cannot be found to have breached the
implied covenant of good faith and fair dealing because Lowery
did not evade the spirit of the contract and did not willfully
render imperfect performance or interfere with Snyder's
performance.  <u>Allworth v. Howard University</u>, 890 A.2d 194, 201
(D.C. 2006).  Because of this, and because there are no
disputed facts which are material to the claim, Defendants are
entitled to summary judgment.

### D.    Count VII For Unjust Enrichment Should Be Dismissed.

Plaintiff's claim for unjust enrichment must fail for the
same reasons that Plaintiff's other claims must fail as
explained above.  There can be no unjust enrichment when
Lowery has complied with the terms of the Funding Agreement
that Snyder willing agreed to.  <u>Landa v. Astin</u>, 193 F.2d 369,
371 (D.C. Cir. 1951) ("competent persons shall have utmost
liberty of contracting and their agreements voluntarily and
fairly made shall be held valid and enforced in courts")
(<u>quoting</u> <u>Twin City Pipe Line Co. v. Harding Glass Co.</u>, 283
U.S. 353, 356-57 (1931).  In his Opposition, Snyder even
concedes that he has a claim for unjust enrichment only if the

Funding Agreement is construed by the Court to be
unenforceable because of a failure of consideration.
Plaintiff's Opposition at 4, 13.  As explained above, the
Funding Agreement is supported by consideration, and
Plaintiff's claim is therefore barred as a matter of law.

### E.    Count VIII For Trover And Conversion Should Be Dismissed.

Plaintiff's claim for trover and conversion must fail for
the same reasons as above.  There can be no trover or
conversion when Lowery has complied with the terms of the
Funding Agreement that Snyder willing agreed to.  Landa, 193
F.2d at 371.  In his Opposition, Snyder even concedes that he
has a claim for trover or conversion only if the Funding
Agreement is construed by the Court to fail for lack of
consideration.  Plaintiff's Opposition at 4, 14.  As explained
above, the Funding Agreement is supported by consideration,
and Plaintiff's claim is therefore barred as a matter of law.

### F.    Count X For An Equitable Lien Or Constructive Trust Should Be Dismissed.

Snyder is not entitled to an equitable lien or
constructive trust because he cannot prove the requisite
elements of that claim as cited by Defendants in their Motion
for Summary Judgment, to which Plaintiff agrees.  Alsco-
Harvard Fraud Litigation, 523 F.Supp. 790, 806-07 (D.D.C.

1981) (to establish a constructive trust, Plaintiff must establish three elements: "(1) there must be a wrongful act; (2) specific property acquired by the wrongdoer must be traceable to the wrongful conduct; and (3) there must be a reason why the party holding the property should not, in good conscience, be allowed to keep the property." Plaintiff cannot meet any of these elements because there has been no wrongful act; just the execution of a valid contract. Also, an equitable lien or constructive trust would be improper because, as Plaintiff concedes, the distribution of the proceeds from the sale of the Second Street property has already been made, and Snyder willingly accepted his share of the proceeds pursuant to the validly executed Funding Agreement. Because Snyder cannot satisfy his burden of proof as to the elements of this claim, and because there are no disputed facts which are otherwise material to the relief sought, Defendants are entitled to summary judgment.

### G. Count XI For A Judicial Dissolution Of L&S, LLC Should Be Dismissed.

For the reasons set forth in Defendants' Motion for Summary Judgment, which Snyder does not refute, there is no basis for a claim for judicial dissolution of L&S. Just because Snyder now disagrees with the management of L&S, even

though he consented to the terms of the Funding Agreement, does not require this Court to exercise the extreme remedy of dissolving L&S.  Moreover, there are no allegations in the Complaint, or in Plaintiff's Opposition, that the requirements for judicial dissolution of a limited liability company set forth in the District of Columbia Limited Liability Act have been satisfied.

Instead of addressing these reasons, Snyder merely cites to the District of Columbia Uniform Partnership Act, which does not apply.  It is undisputed that L&S is a limited liability company and therefore is governed by the District of Columbia Limited Liability Company Act.  Indeed, Snyder even attaches the Operating Agreement of L&S as Exhibit 3 to his Motion, in which Snyder agreed to the organization and operation of L&S as a limited liability company under the Limited Liability Company Act.  Snyder now, however, attempts to argue to the Court that L&S should be governed by the provisions of the District of Columbia Uniform Partnership Act.  This is yet another violation of Rule 11 by Snyder.  Of particular significance is Article VII, Section 7.1 of the Operating Agreement.  Exhibit 3 to Plaintiff's Opposition at 15.  Section 7.1, entitled, Events of Dissolution, provides that:

The Company shall be dissolved upon the happening of the first to occur of an event specified in Section 29-1347 of the Act or any of the following events:

> 7.1.1. on the date fixed for its termination in Section 2.4; or

> 7.1.2. death of a Member

Id. Section 29-1347 does not apply for the simple reason that there is no Section 29-1347 in the D.C. Code, and obviously neither of the two events specified in the Operating Agreement have occurred. As such, Defendants are entitled to summary judgment on Count XI of Plaintiff's Complaint.

### III.    DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT BECAUSE PLAINTIFF HAS NOT PRESENTED ANY EVIDENCE OF DAMAGE.

In addition to the foregoing, Defendants are entitled to summary judgment because Plaintiff has not presented any evidence of damage. Indeed, in his Opposition Snyder did not even address Sections III and IV of Defendants' Motion for Summary Judgment. As set forth therein, Plaintiff is not entitled to any compensatory damages, punitive damages or attorneys' fees. Plaintiff is also not entitled to any damages because he has not identified any in his Initial Disclosures, as required in the Scheduling Order and by Rule 26(a)(1) of the Federal Rules of Civil Procedure. Therefore, Defendants are entitled to summary judgment on all claims set forth in Plaintiff's Complaint.

15

## CONCLUSION

For all the foregoing reasons, Defendants Dale Lowery, <u>et al.</u>, respectfully request that this Court grant their Motion for Summary Judgment.

Respectfully submitted,

COOTER, MANGOLD, TOMPERT
 & KARAS, L.L.P.


_____/s/_____
Dale A. Cooter, #227454
James E. Tompert, #358952
5301 Wisconsin Avenue, N.W.
Suite 500
Washington, D.C. 20015
(202)537-0700
efiling@cootermangold.com

16

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 21st day of June, 2007, a copy of the foregoing **DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** was filed electronically pursuant to the Electronic Case Filing procedures of the United States District Court for the District of Columbia and sent by electronic mail to:

David Z. Kaufman, Esq.
KAUFMAN LAW, P.C.
11350 Random Hills Road
Suite 800
Fairfax, VA 22030
David@dzklaw.com


_____/s/_____
Dale A. Cooter