IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL SNYDER,                    :
                                   :
        Plaintiff,                 :
                                   :
v.                                 :   Civil Action No. 06-2213 (JR)
                                   :
DALE LOWERY, et al.,               :
                                   :
        Defendants.                :
_____:

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S
### MOTION FOR LEAVE TO AMEND COMPLAINT

Defendants Dale Lowery ("Lowery"), et al., by and through
counsel, hereby oppose Plaintiff Michael Snyder's ("Snyder")
Motion for Leave to Amend his Complaint and state as follows.

### PROCEDURAL BACKGROUND

On December 27, 2006, Snyder filed his Complaint herein.
In reviewing the Complaint, it became apparent that the
allegations in Snyder's Complaint did not have evidentiary
support and were not warranted by existing law or by a non-
frivolous argument for the extension, modification, or
reversal of existing law.  Therefore, on March 2, 2007,
counsel for Defendants sent counsel for Plaintiff a copy of a
Motion for Rule 11 Sanctions attached to a "safe harbor"
letter pursuant to Federal Rule of Civil Procedure
11(c)(1)(A).  Exhibit A.  The letter communicated to Snyder
that if he did not withdraw his Complaint within 21 days,

Defendants would file the enclosed Motion for Sanctions.  Id. Snyder ignored this request.

Thereafter, on April 11, 2007, Snyder served his Initial Disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.  Exhibit B.  Upon reviewing Snyder's Initial Disclosures, it was clear that they failed to comply with the requirements set forth in Rule 26(a)(1).  Despite Defendants' timely request on April 26, 2007 that Snyder comply with the Rule 26(a)(1) provisions, Plaintiff has failed to do so.  See Exhibit C.

On March 13, 2007 the initial scheduling conference for this case was held.  During the conference the Court was advised of Defendants' contention that Plaintiff's Complaint was filed in violation of Rule 11.  Nonetheless, Plaintiff did not withdraw or seek to modify his Complaint.

On April 26, 2007, Defendants filed their Motion for Rule 11 Sanctions.  In his Opposition to the Rule 11 Motion, Snyder, for the first time, argued that the Funding Allocation Agreement ("Funding Agreement") was void for lack of consideration.  Once again, for the third time, Snyder refused to withdraw or modify his Complaint.

On May 11, 2007 in accordance with the Court's Scheduling Order, Defendants' filed a Motion for Summary Judgment.  After

2

reviewing Defendants' Motion for Summary Judgment, Snyder
failed, for the fourth time, to withdraw or modify his
Complaint.

On June 11, 2007, Snyder contemporaneously filed an
Opposition to Defendants' Motion for Summary Judgment, a
Cross-Motion for Summary Judgment, and his Motion for Leave to
file an Amended Complaint.  In his Opposition/Cross-Motion
(filed as one pleading), as well as in his Amended Complaint,
Snyder has abandoned four and a half counts (injunctive
relief, waste and misappropriation of corporate assets/funds,
fraud, declaratory relief, and a claim for accounting) that
were set forth in his initial Complaint.  The Amended
Complaint though does not contain any new relevant facts which
would entitle Plaintiff to relief and does not cure any of the
defects in the remaining claims addressed in Defendants'
Motion for Sanctions and Motion for Summary Judgment.

<u>**ARGUMENT**</u>

I.  <u>**Standard For Leave To Amend**</u>.

As stated by Plaintiff, leave to amend a complaint under
Rule 15(a) of the Federal Rules of Civil Procedure "shall be
freely given when justice so requires."  Fed. R. Civ. P.
15(a); <u>Foman v. Davis</u>, 371 U.S. 178 , 182 (1962); <u>Firestone v.
Firestone</u> 76 F.3d 1205, 1208 (D.C. Cir. 1996).  However, this

3

Court may deny leave to amend when there has been undue delay, bad faith, dilatory motive, and repeated failure to cure deficiencies by previous amendments or futility of amendment. Foman, 371 U.S. at 182.

The District of Columbia Circuit recognizes that a court is not obligated to grant leave to amend a complaint if there exists undue delay, bad faith and repeated failure to cure deficiencies, or futility. Sinclair v. Kleindienst, 645 F.2d 1080, 1085 (D.C. Cir. 1981) (citing Foman v. Davis, 371 U.S. 178, 182 (1962); Richardson v. United States, 193 F.3d 545, 548-49 (D.C. Cir. 1999). Further, beyond the consideration of prejudice to the opposing party, this Court may deny leave to amend where the amendment would result in Defendants incurring unnecessary additional expenses and the burden of a more complicated and lengthy trial. See, e.g., Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321 (1971); Djourabchi v. Self, 240 F.R.D. 5, 13 (D.D.C. 2006); 6 Wright, Miller & Kane, Federal Practice and Procedure §1487 (2d ed. 1990).

## II.  Plaintiff's Motion Should Be Denied Because Of Undue Delay.

Snyder's Motion for Leave at this stage of these proceedings constitutes undue delay. This is especially true considering that Snyder had numerous opportunities and six

months to withdraw or modify his Complaint and failed to do so. Instead, Snyder has chosen to abuse Lowery by subjecting him to frivolous allegations and unnecessary litigation and expenses in an attempt to avoid summary judgment. As Defendants asserted since the inception of this case, Snyder states in his Motion for Leave that "after additional investigation, Plaintiff does not believe [the abandoned counts] should be brought . . .." Motion for Leave at 3. Snyder further states in his Motion that he delayed filing his Amended Complaint when Defendants filed their Motion for Sanctions, but this reasoning makes no sense. Motion for Leave at 4. Snyder was free to withdraw or amend his Complaint at an earlier stage when doing so would have been appropriate.

Moreover, in his Amended Complaint, Snyder does nothing more than withdraw four and a half counts, while his allegations lack evidentiary and legal support. Under Rule 15(d), a supplemental pleading may be filed if new transactions or events have transpired since the original pleading was filed. However, Plaintiff has not shown that any events have transpired since the original pleading in order to justify leave to amend. Because Snyder's Motion for Leave constitutes an undue delay, Defendants request that this Court

deny his Motion for Leave to amend his Complaint.

### III.  Plaintiff's Motion Should Be Denied Because Of Bad Faith.

Snyder's Motion for Leave should be denied because it constitutes bad faith.  The allegations in his Complaint and Amended Complaint are not supported by the facts or warranted by existing law.  His contention in his recent filings with the Court, that the Funding Agreement lacks consideration is frivolous.  A simple review of the terms of the Agreement indicates that it was supported by consideration.  It is also undisputed that Snyder received his distribution pursuant to the Agreement as well as the benefit of the elimination of CASEtech's debt.  The case law he cited in support of his argument that the Agreement is void for lack of consideration actually supports Defendants' position.  The case that he cites in support of his claim for breach of the covenant of good faith and fair dealing also supports Defendants' position.  In his Opposition to Defendants' Motion for Summary Judgment, Snyder tries to argue that Lowery owed a fiduciary duty to Snyder, yet he attached to his Opposition a copy of the L&S Operating Agreement, freely signed by Snyder, where it clearly states that any duty that Lowery owes to Snyder is only for gross negligence, recklessness or intentional

violation of law.

Snyder's bad faith is also apparent in the course of discovery.  As discussed above, Snyder's Initial Disclosures did not comply with Rule 26(a)(1) and have not been remedied. Rule 26(a)(1) requires: "the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information."  Fed. R. Civ. P. 26(a)(1).  Snyder's Initial Disclosures simply listed individuals without providing their addresses, telephone numbers, or the nature of their knowledge which would tend to support the claims outlined in his Complaint.  Despite Defendants' request, Snyder has failed to comply with Rule 26(a)(1) and has not addressed this issue in subsequent filings with the Court.  Plaintiff has also failed to provide the requisite information to support his claims for damages under Rule 26(a)(1).

Finally, Snyder's attempt to seek dissolution of L&S is also without merit.  There are no allegations in the Complaint, or in Snyder's Opposition to Defendants' Motion for Summary Judgment, that the requirements for judicial dissolution set forth in the L&S Operating Agreement,

7

submitted by Snyder to the Court, have been satisfied.
Instead, Snyder attempts to argue that L&S should be governed
by the provisions of the District of Columbia Uniform
Partnership Act. Because Snyder's Motion for Leave is yet
another example of on-going bad faith, Defendants request that
his Motion be denied.

### IV. Plaintiff's Motion Should Be Denied Because of Futility.

Snyder's Motion should also be denied because of
futility. Despite the withdrawal of four and a half counts,
Snyder's allegations lack evidentiary and legal support. In
his Opposition to Defendants' Motion for Summary Judgment,
Snyder does not refute any of the material facts in support of
Defendants' Motion for Summary Judgment. Snyder did not even
submit a statement of material facts in dispute as required by
Rule 56.1 of the Rules of this Court. Because Snyder simply
abandoned certain claims without clarifying his theory of the
case or introducing additional facts or new events, Snyder's
attempt to amend his Complaint is futile. Snyder's amendment
is also futile because his claims still fail to raise a
genuine issue as to any material fact and should be dismissed.
As the Court stated in Lee v. Winter, 439 F.Supp.2d 82, 84
(D.D.C. 2006), "an amendment is futile 'if the proposed claim

would not survive a motion to dismiss.'" (<u>quoting</u> <u>James</u>
<u>Madison Ltd. v. Ludwig</u>, 82 F.3d 1085, 1099 (D.C. Cir. 1996)).
The <u>Lee</u> Court further explained that a claim will not survive
a motion to dismiss "if it appears beyond doubt that the
plaintiff can prove no set of facts in support of his claim
which would entitle him to relief." 439 F.Supp.2d at 84-85
(<u>quoting</u> <u>Kingman Park Civic Ass'n v. Williams</u>, 348 F.3d 1033,
1040 (D.C. Cir. 2003)).

Because the reasons for denying leave to amend under
<u>Foman</u> are present in this case, as discussed above,
Plaintiff's Motion for Leave should be denied.

<u>**CONCLUSION**</u>

For all the foregoing reasons, Defendants Dale Lowery
<u>et</u> <u>al.</u> respectfully request that this Court deny Plaintiff's
Motion for Leave to amend his Complaint.

                    Respectfully submitted,

                    COOTER, MANGOLD, TOMPERT
                     & KARAS, L.L.P.


                    _____/s/_____
                    Dale A. Cooter, #227454
                    James E. Tompert, #358952
                    5301 Wisconsin Avenue, N.W.
                    Suite 500
                    Washington, D.C. 20015
                    (202)537-0700
                    efiling@cootermangold.com

9

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 25th day of June, 2007, a copy of the foregoing OPPOSITION and EXHIBITS in support thereof, and proposed ORDER was filed electronically pursuant to the Electronic Case Filing procedures of the United States District Court for the District of Columbia and sent by electronic mail to:

David Z. Kaufman, Esq.
KAUFMAN LAW, P.C.
11350 Random Hills Road
Suite 800
Fairfax, VA 22030
David@dzklaw.com


_____/s/_____
Dale A. Cooter

**EXHIBIT A**

LAW OFFICES

COOTER, MANGOLD, TOMPERT & KARAS, L.L.P.

5301 WISCONSIN AVENUE, N.W.

SUITE 500

WASHINGTON, D.C. 20015

TEL: (202) 537-0700

FAX: (202) 364-3664

DALE A. COOTER
WRITER'S DIRECT DIAL
(202) 537-6950
dcooter@cootermangold.com

March 2, 2007

**VIA FACSIMILE AND FIRST CLASS MAIL**

David Z. Kaufman, Esq.
KAUFMAN LAW, P.C.
11350 Random Hills Road
Suite 800
Fairfax, VA 22030

> Re: **Michael Snyder v. Dale Lowery, et al.,**
> **No. 1:6CV022143**

Dear Mr. Kaufman:

Enclosed is a copy of a Motion for Rule 11 Sanctions for the above-referenced case. Please take this letter as our "safe harbor letter" pursuant to Fed. R. Civ. P. 11(c)(1)(A). If the Complaint you have filed on behalf of Michael Snyder is not withdrawn within 21 days, we intend to file the enclosed Motion with the United States District Court for the District of Columbia.

Sincerely,

Dale A. Cooter

Enclosure

**EXHIBIT B**

N/A  *Prolaw*
JET  *Atty/E-mail*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Snyder, Michael                          *
                                         *
        Plaintiff                        *
                                         *
        v.                               *        Case No.: 1:06cv02213 JR
                                         *
Dale Lowery  et al.                      *
                                         *
        Defendants                       *

*       *       *       *       *       *       *       *       *       *       *       *       *

**PLAINTIFF'S INITIAL DISCLOSURES UNDER**
**F.R.C.P. 26(a)(1)**

COMES NOW the Plaintiff, Michael Snyder, and provides this, the initial disclosures

required by Fed. R. Civ. P. 26(a) and states:

1.      The documents required to be produced under Fed. R. Civ. P. 26(a)(1)(b)

        through (d) are contained on the CD attached to this pleading in either *.pdf or

        *.doc or *.xls format.  These are standard formats used by Adobe Acrobat,

        MicroSoft Word, and MicroSoft Excel respectively.

2.      The names of individuals and, where known, contact information required to be

        disclosed under Fed. R. Civ. P. 26(a)(1)(a) are:

        a.      Christine Kirby;

        b.      Eric Cohen;

        c.      Kathleen Edwards;

Page 1 of 3                    **ENTERED** APR 1 7 2007

d.    Steve Lowery;

e.    Mike Licht

f.    Paul Buerkholtz;

g.    Elizabeth Jenkins;

h.    Ryan See;

i.    David Wendelken;

j.    Donna Hanousek;

k.    Tom Strobell;

l.    Hossein Noshirvani;

m.    Oron Strauss;

n.    Hetal Patel;

o.    Andy Greenfield;

p.    James Biggs;

q.    Stan Zdun;

r.    Christine (Tina) Baily;

s.    Chick Becker;

t.    Daniel Gilliland;

u.    George Didden;

v.    George Conners;

w.    Kitty Kaup;

x.    Brian Alpert, Esq.

Respectfully submitted,

Michael Snyder,
By Counsel

KAUFMAN LAW, A Professional Corporation
11350 Random Hills Rd.  Suite 800
Fairfax, VA 22030
703.764.9080
703.764-0014 (fax)
David@businessbrawls.com
Counsel for Plaintiff

By:  **D.Z. Kaufman**    Digitally signed by D.Z. Kaufman
                          DN: CN = D.Z. Kaufman, C = US, O = Kaufman
                          Law, A Professional Corporation
                          Date: 2007.04.11 11:00:52 -04'00'

D.Z. Kaufman, Bar # 435123

## CERTIFICATE OF SERVICE

        I hereby certify that on April 11, 2007, a copy of the above document was served via
ECF of the U.S. District Court of the District of Columbia on counsel for Defendants Dale A.
Cooter, Esq.  and James E.  Tompert, Esq., 5301 Wisconsin Ave., NW, Suite 500, Washington,
D.C.  20015 and another copy of the document as well as the accompanying CD was mailed, first
class postage prepaid, to the same parties at the same address.

**D.Z. Kaufman**    Digitally signed by D.Z. Kaufman
                     DN: CN = D.Z. Kaufman, C = US, O =
                     Kaufman Law, A Professional Corporation
                     Date: 2007.04.11 11:00:40 -04'00'

David Zachary Kaufman

**EXHIBIT C**

ENTERED APR 2 6 2007

LAW OFFICES

COOTER, MANGOLD, TOMPERT & KARAS, L.L.P.

5301 WISCONSIN AVENUE, N.W.
SUITE 500
WASHINGTON, D.C. 20015
TEL: (202) 537-0700
FAX: (202) 364-3664

JAMES E. TOMPERT
WRITER'S DIRECT DIAL
(202) 537-6980
jtompert@cootermangold.com

April 26, 2007

**VIA HAND DELIVERY**

David Z. Kaufman, Esq.
KAUFMAN LAW, P.C.
11350 Random Hills Road
Suite 800
Fairfax, VA 22030

Re: **Michael Snyder v. Dale Lowery et al**.
No. 1:06CV02213

Dear Mr. Kaufman:

Pursuant to your request, please find enclosed copies of the documents we have compiled as part of our initial disclosures in the above-referenced case.

Also, we have reviewed your Initial Disclosures and have determined that they do not comply with Rule 26(a)(1) of the Federal Rules of Civil Procedure. Please provide the disclosures which are required by Rule 26(a)(1) as soon as possible.

Sincerely,

James E. Tompert

Enclosures

CC: Dale A. Cooter, Esq.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL SNYDER,                    :
                                   :
        Plaintiff,                 :
                                   :
v.                                 :   Civil Action No. 06-2213 (JR)
                                   :
DALE LOWERY, et al.,               :
                                   :
        Defendants.                :
_____:


ORDER


        UPON CONSIDERATION OF the Motion of Plaintiff Michael

Snyder for leave to file an amended Complaint, and the

Opposition thereto by Defendants Dale Lowery et al., it is

this _____ day of _____, 2007, hereby

        ORDERED, that Plaintiff's Motion be, and it hereby is,

DENIED.



                            _____
                            James Robertson
                            United States District Judge

Copies to:

Dale A. Cooter, Esq.
James E. Tompert, Esq.
Cooter, Mangold, Tompert & Karas, LLP
5301 Wisconsin Avenue, N.W., Suite 500
Washington, D.C. 20015

David Z. Kaufman, Esq.
Kaufman Law, P.C.
11350 Random Hills Road, Suite 800
Fairfax, VA 22030