IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Snyder, Michael | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Case No.: 1:06cv02213 JR |
| | * | |
| Dale Lowery   et al. | * | |
| | * | |
| Defendants | * | |

*    *    *    *    *    *    *    *    *    *    *    *    *

**REPLY TO DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION TO AMEND**

COMES NOW THE PLAINTIFF IN THIS CASE, Michael Snyder, by counsel, and

Replies to Defendants' Opposition to Plaintiff's Motion to Amend his Complaint.

It was in early 2006 that Snyder first complained to Lowery that Lowery had taken

Snyder's money—Snyder's 1/3 share of the profits from selling one of the properties owned by

L&S LLC—and used it to pay off CASEtech's debts—debts CASEtech owed to Lowery himself.

Lowery's reason for this behavior was that he wished to sell his interest in CASEtech and the

prospective buyer did not wish to acquire CASEtech and then find Lowery as a creditor.  When

negotiations between Snyder and Lowery broke down, Snyder filed this action on December 27,

2006.

The initial scheduling conference was held on March 13th and at that time Defendants

announced their intent to seek summary judgment as soon as possible.  The parties exchanged

initial discovery in April 2006 and Defendants filed their summary judgment motion on May 11,

2007.  During this period, Defendants also repeatedly demanded that Plaintiff withdraw his

Complaint on pain of Rule 11 Sanctions.  Plaintiff declined to acquiesce to Defendant's demands.

Now, after carefully considering his case and examining Defendants' Initial Disclosures, Plaintiff has asked the Court to permit him to amend his complaint and revise the theories of the lawsuit.  The proposed Amended Complaint would not prejudice Defendants in any way: It will not require additional discovery as only initial discovery has been exchanged; it will not require additional parties be added; it will not delay the case or increase costs to Defendants at all.

Despite these facts, which Defendants have obliquely acknowledged (they have not pointed to any prejudice they might suffer), Defendants contend it's too late to amend. Defendants say that it is too late because Plaintiff delayed unduly, because Plaintiff is acting in bad faith, and because Plaintiff's amendments are futile.  Nonsense.

Defendants cite no case in which a motion to amend was denied 6 months after the original complaint was filed.  They do not because they cannot.  In one of the cases Plaintiff cited in his opening memorandum of law, the Court found that filing a motion to amend three months after discovery material was received was not unduly tardy.  *Boyd et al v. District of Columbia*, 465 F. Supp. 2d 1, 3 (D. D.C. 2006) (even though complaint was filed in April 2004 and motion to amend was not filed until January 2006, it was not undue delay to move to amend three months after receiving discovery from which plaintiff discerned new claims)  In this case, Defendants mailed their documents to Plaintiff on Thursday, April 26, 2007.  Exhibit 1.  Plaintiff received them on or about Monday April 30th.  Plaintiff filed his Motion to Amend a mere 6 weeks after receiving and reviewing Defendants' Initial Disclosures under Fed. R. Civ. P. 26(a)(1) and before any other discovery took place.  *See Boyd,* 455 F. Supp. 2d at 4 (granting

motion to amend Defendants would not be prejudiced because discovery deadline was still four months away).

Defendants also ask the Court to deny Plaintiff's Motion to Amend because, they say, Plaintiff is acting in bad faith. Again, this is nonsense. Plaintiff refused to dismiss his case when Defendants asked him to. Plaintiff also declines to acquiesce in Defendants' interpretation of Defendants' Exhibit A. This is not bad faith—this is a legal dispute. Defendants cite no cases to support the extraordinary idea that declining to acquiesce to Defendants' demand is bad faith. That is because there are no cases supporting the novel idea that refusing to acquiesce to a demand to dismiss the case proves that a plaintiff is acting in bad faith.[1]

Third, Defendants argue that Plaintiff's motion should be denied because it is futile. Plaintiff disagrees and, as evidence therein, hereby incorporates by reference Plaintiff's Cross-Motion for Summary Judgment and its accompanying Memorandum in Support.

Lastly, it is worth noting that, despite Defendants' objections to Plaintiff's Motion to Amend, nowhere do Defendants allege any prejudice to themselves. But "[t]he primary consideration in deciding whether to permit an amendment focuses on whether the non-moving party will be prejudiced due to unfair disadvantage or deprivation of the opportunity to discover and present facts." *Stanford v. Potomac Electric Power Co.,* 394 F. Supp. 2d 81, 85 (D. D.C.

---

[1]     Defendants repeatedly have pointed to Plaintiff's failure to provide Defendants with contact information for Plaintiff's potential witnesses as required by Fed. R. Civ. P. 26(a)(1). But Defendants know all these potential witnesses as they are current or former employees of CASEtech or persons with whom Defendant Lowery has done business. Snyder has had to recreate all this information as Defendants have never permitted Snyder access to their files so it could be obtained. Now, having finally recreated this information, Snyder is providing this to Defendants. Exhibit 2.

2005) *citing In re Vitamins Antitrust Litigation*, 217 F.R.D. 34, 36-37 (D. D.C. 2003) (despite

significant inexcusable delay in filing, absent prejudice to non-moving party, leave to file should

be granted).

Because Snyder  "ought to be afforded an opportunity to test his claim on the merits."

*Foman v. Davis, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962)* (quoting Fed. R. Civ.

P. 15(a)) his Motion to Amend should be granted.  *See also Stanford,*  394 F. Supp. 2d at 87-88

(granting Plaintiff's motion to amend the complaint).

Michael Snyder,
By Counsel

KAUFMAN LAW,  A Professional Corporation
11350 Random Hills Rd.  Suite 800
Fairfax, VA 22030
703.764.9080
703.764-0014 (fax)
David@dzklaw.com
Counsel for Plaintiff


By:    _____
         D.Z. Kaufman, Bar # 435123


# CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2007, a copy of the above document was served via ECF
of the U.S. District Court of the District of Columbia on counsel for Defendants Dale A.  Cooter,
Esq.  and James E.  Tompert, Esq., 5301 Wisconsin Ave., NW, Suite 500, Washington, D.C.
20015.


_____
         David Zachary Kaufman

LAW OFFICES

COOTER, MANGOLD, TOMPERT & KARAS, L.L.P.

5301 WISCONSIN AVENUE, N W
SUITE 500
WASHINGTON, D.C. 20015
TEL: (202) 537-0700
FAX: (202) 364-3664

JAMES E. TOMPERT
WRITER'S DIRECT DIAL
(202) 537-6980
jtompert@cootermangold.com

April 26, 2007

**VIA HAND DELIVERY**

David Z. Kaufman, Esq.
KAUFMAN LAW, P.C.
11350 Random Hills Road
Suite 800
Fairfax, VA 22030

Re: **Michael Snyder v. Dale Lowery et al**.
**No. 1:06CV02213**

Dear Mr. Kaufman:

Pursuant to your request, please find enclosed copies of the documents we have compiled as part of our initial disclosures in the above-referenced case.

Also, we have reviewed your Initial Disclosures and have determined that they do not comply with Rule 26(a)(1) of the Federal Rules of Civil Procedure. Please provide the disclosures which are required by Rule 26(a)(1) as soon as possible.

Sincerely,

James E. Tompert

Enclosures

CC: Dale A. Cooter, Esq.

EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Snyder, Michael                          *
                                         *
        Plaintiff                        *
                                         *
        v.                               *        Case No.: 1:06cv02213 JR
                                         *
Dale Lowery  et al.                      *
                                         *
        Defendants                       *

*       *       *       *       *       *       *       *       *       *       *       *       *

**SUPPLEMENT TO PLAINTIFF'S
INITIAL DISCLOSURES UNDERF.R.C.P. 26(a)(1)**

COMES NOW the Plaintiff, Michael Snyder, and provides this, supplement to his initial disclosures required by Fed. R. Civ. P. 26(a) and states:

1. The names of individuals and, where known, contact information required to be disclosed under Fed. R. Civ. P. 26(a)(1)(a) are:

a. Christine Kirby – CASEtech COO, Party to MVI Stock Purchase, Part of CASEtech Management Team; 202-546-0931; 414 - 15th Street, SE, Washington, DC 20003-3003

b. Eric Cohen – CASEtech Project Manager, Part of Management Team, he was told he was on "Partner Track" to Stock Ownership; 202-326-3359, C/0 FTC, 600 Pennsylvania Ave, NE, Washington DC 20580;

c. Kathleen Edwards – CASEtech Project Manager, she was told she was on "Partner Track" to Stock Ownership; 301-845-6142, 121 Capricorn Rd, Walkersville, MD 21793-9126;

d. Steve Lowery – CASEtech Administrator, 6613 Jena Pl, Elkridge, MD 21075;

e. Mike Licht – CASEtech Office Manager, 115 Tennessee Ave NE, Washington, DC

Page 1 of 4

EXHIBIT 2

20002-6425, (202) 546-9659;

     f.  Paul Buerkholtz – CASEtech Marketing Manager / Office Manager, 3800 Powell Ln, Falls Church, VA 22041  (703) 998-7111;

     g.  Elizabeth Jenkins - prior CASEtech Marketing Manager, Address Unknown;

     h.  Ryan See - CASEtech Marketing Manager in North Carolina, Address Unknown believed to be living in Charlotte, NC;

     i.  David Wendelken – former CASEtech Partner – sold his interest to Lowery, 818 Azalea Dr, Fayetteville, NC (910) 677-0495;

     j.  Donna Hanousek – former employee of CASEtech who threatened discrimination lawuit (settled), 909 C St SE, Washington, DC 20003-2123, (202) 547-8065;

     k.  Tom Strobell – CASEtech Employee – threatened lawsuit over withholding pay (settled), Address Unknown;

     l.  Hossein Noshirvani – Partner in MVI, Management Logistics Planning, (202) 487-6881, c/o Pantheon Software, 2020 14th St N, Arlington, VA 22201;

     m.  Oron Strauss – Principal Partner in MVI, (703) 385-9340, c/o Pantheon Software, 2020 14th St N, Arlington, VA 22201;

     n.  Hetal Patel – Subcontractor to CASEtech, (202)326-2683; Address Unknown;

     o.  Andy Greenfield – Subcontractor to CASEtech, 1415 Beulah Rd, Vienna, VA 22182 703-582-1557;

     p.  James Biggs – Subcontractor to CASEtech, 12602 Bear Creek Terrace, Beltsville, MD 20705 (410) 322-8245;

     q.  Stan Zdun – Prime Contractor  (LMI), Project Manger for USCG, 1123 Crestview Dr,

Page 2 of  4

Annapolis, MD 21409 (410) 757-5640;

r. Christine (Tina) Baily – former CASEtech Accountant, 7901 Shreve Rd, Falls Church, VA 22043-3406 (703) 280-5509;

s. Chick Becker – former CASEtech Accountant, 4710 Bethesda Ave, Bethesda, MD 20814 (301) 652-1892;

t. Daniel Gilliland – current CASEtech Accountant, 7700 Leesburg Pike, #402B Falls Church, VA 22043 (703) 448-9121;

u. Phyllis English, married to Plaintiff, co-signed all Loan Documents, 5701 Dimes Rd, Rockville, MD 20855 301-762-2059;

v. George Didden – National Capital Bank – LOC Holder, 316 Pennsylvania Avenue, SE, Washington, DC 20003 (202) 546-8000;

w. George Conners – Washington First Bank – Mortgage Holders, 1500 K Street NW, Washington, DC 20005 (202) 587-7000;

x. Kitty Kaup – Realtor – Rental and then Sale of 515 2nd St property; 605 Pennsylvania Avenue, SE, Washington, DC 20003 (202)547-3525;

y. Brian Albert – Lawyer for CASEtech and Dale Lowery; 1700 Wisconsin Avenue, N.W. Washington, DC 20007 (202) 295-4500;

z. Rachel Van Wingen – knowledgeable about Business Relationship between Snyder and Lowery; 258 8th St SE, Washington, DC 20003 (202) 262-2244; .

Respectfully submitted,

Michael Snyder,

Page 3 of 4

By Counsel

KAUFMAN LAW, A Professional Corporation
11350 Random Hills Rd. Suite 800
Fairfax, VA 22030
703.764.9080
703.764-0014 (fax)
David@businessbrawls.com
Counsel for Plaintiff

By:    /s/    D.Z. Kaufman    Digitally signed by D.Z. Kaufman
DN: CN = D.Z. Kaufman, C = US, O =
Kaufman Law, A Professional Corporation
Date: 2007.07.03 11:02:06 -04'00'

D.Z. Kaufman, Bar # 435123

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2007, a copy of the above document was mailed, first class postage prepaid, to counsel for Defendants Dale A. Cooter, Esq. and James E. Tompert, Esq., 5301 Wisconsin Ave., NW, Suite 500, Washington, D.C. 20015.

D.Z. Kaufman    Digitally signed by D.Z. Kaufman
DN: CN = D.Z. Kaufman, C = US, O =
Kaufman Law, A Professional Corporation
Date: 2007.07.03 11:02:19 -04'00'
/s/

David Zachary Kaufman