IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL SNYDER, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :   Civil Action No. 06-2213 (JR) |
| | : |
| DALE LOWERY, et al., | : |
| | : |
| Defendants. | : |
| _____ | : |

**DEFENDANTS DALE LOWERY, ET AL.'S
ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Defendants Dale Lowery ("Lowery"), et al., by and through counsel, hereby submit their Answer to Plaintiff Michael Snyder's ("Snyder") Amended Complaint and state as follows:

**JURISDICTION**

1. The allegations in Paragraph 1 of the Amended Complaint call for a legal conclusion to which no response is required.

**THE PARTIES**

2. Defendants are without knowledge or information sufficient to form a belief upon which to admit or deny the allegations set forth in Paragraph 2 of the Amended Complaint.

3. Defendants admit the allegations set forth in Paragraph 3 of the Amended Complaint.

4. Defendants admit the allegations set forth in Paragraph 4 of the Amended Complaint.

5. Defendants admit the allegations set forth in Paragraph 5 of the Amended Complaint.

**FACTS**

6. Defendants admit the allegation that Snyder was a 20% shareholder, director, and officer of CASEtech. Defendants are without knowledge or information sufficient to form a belief upon which to admit or deny the allegation that Snyder "should now be" such a shareholder, director or officer.

7. Defendants deny the allegation in Paragraph 7 of the Amended Complaint.

8. Defendants admit the allegation that Snyder was a 1/3 owner of L&S. Defendants are without knowledge or information sufficient to form a belief upon which to admit or deny the allegation that Snyder "should now be" such an owner.

9. Defendants deny the allegation in Paragraph 9 of the Amended Complaint.

10. Defendants are without knowledge or information sufficient to form a belief upon which to admit or deny the allegations set forth in Paragraph 10 of the Amended Complaint, except they admit that Snyder has owned 20% of the outstanding stock of CASEtech.

11. Defendants are without knowledge or information sufficient to form a belief upon which to admit or deny the

allegations set forth in Paragraph 11 of the Amended Complaint, except they admit that Snyder has had a 1/3 ownership interest in L&S.

    12.  The allegations in Paragraph 12 of the Amended Complaint call for a legal conclusion to which no response is required.  To the extent a response is otherwise required, the allegations in Paragraph 12 are denied.

    13.  In response to Paragraph 13 of the Amended Complaint, Defendants admit that Lowery has owned 80% of the stock of CASEtech and state that the remaining allegations in Paragraph 13 of the Amended Complaint call for a legal conclusion to which no response is required.  To the extent a response is otherwise required, the allegations in Paragraph 13 are denied.

    14.  In response to Paragraph 14 of the Amended Complaint, Defendants admit that Lowery has had a 2/3 ownership interest in L&S and state that the remaining allegations in Paragraph 14 of the Amended Complaint call for a legal conclusion to which no response is required.  To the extent a response is otherwise required, the allegations in Paragraph 14 are denied.

    15.  Defendants are without knowledge or information sufficient to form a belief upon which to admit or deny the

allegations set forth in the first three sentences of Paragraph 15 of the Amended Complaint, except they admit that Most Ventures, Inc. ("MVI") was interested in purchasing Lowery's shares in CASEtech, and that Lowery was interested in selling his interest in CASEtech and withdrawing from the firm.  In response to the allegations in the last sentence of Paragraph 15, Defendants admit that they were willing to undertake appropriate actions to consummate the sale and deny the allegation that Snyder was willing to undertake appropriate actions to consummate the sale.

16.   Defendants are without knowledge or information sufficient to form a belief upon which to admit or deny the allegations set forth in Paragraph 16 of the Amended Complaint, except they admit that in March 2005, CASEtech owed approximately $200,000 to National Capital Bank.

17.   Defendants deny the allegations set forth in Paragraph 17 of the Amended Complaint.

18.   Defendants admit the allegations set forth in Paragraph 18 of the Amended Complaint.

19.   Defendants are without knowledge or information sufficient to form a belief upon which to admit or deny the allegations set forth in Paragraph 19 of the Amended Complaint.

20. Defendants are without knowledge or information sufficient to form a belief upon which to admit or deny the allegations set forth in Paragraph 20 of the Amended Complaint.

21. Defendants admit the allegations set forth in Paragraph 21 of the Amended Complaint, except they deny the allegation that the money realized from the sale be "invested" in CASEtech.

22. Defendants admit the allegations set forth in the first sentence of Paragraph 22 of the Amended Complaint. Defendants deny the allegation set forth in the second sentence of Paragraph 22.

23. In response to the allegations set forth in Paragraph 23 of the Amended Complaint, the terms of the Funding Allocation Agreement speak for themselves, and Defendants deny all other characterizations thereof.

24. Defendants deny the allegations set forth in Paragraph 24 of the Amended Complaint, except they admit that Lowery presented the Agreement to Snyder and that Snyder signed the Agreement.

25. Defendants deny the allegations set forth in Paragraph 25 of the Amended Complaint and state that Lowery's intent is set forth in the terms of the Funding Allocation

Agreement.

26.  Defendants deny the allegations set forth in Paragraph 26 of the Amended Complaint, except they admit that Snyder signed the Agreement, the terms of which speak for themselves.

27.  Defendants deny the allegations set forth in Paragraph 27 of the Amended Complaint.

28.  Defendants deny the allegations set forth in Paragraph 28 of the Amended Complaint.

29.  Defendants deny the allegations set forth in Paragraph 29 of the Amended Complaint, except they admit that MVI decided not to go forward with the sale.

30.  Defendants deny the allegations set forth in Paragraph 30 of the Amended Complaint.

31.  Defendants deny the allegations set forth in Paragraph 31 of the Amended Complaint.

32.  Defendants deny the allegations set forth in Paragraph 32 of the Amended Complaint.

**COUNT I - BREACH OF FIDUCIARY DUTIES**

33.  Defendants reallege and incorporate herein by reference their responses set forth above as if fully set forth herein.

34.  Defendants deny the allegations set forth in

Paragraph 34 of the Amended Complaint.

35.  Defendants deny the allegations set forth in Paragraph 35 of the Amended Complaint.

36.  Defendants deny the allegations set forth in Paragraph 36 of the Amended Complaint.

37.  Defendants deny the allegations set forth in Paragraph 37 of the Amended Complaint.

## COUNT II - BREACH OF CONTRACT

38.  Defendants reallege and incorporate herein by reference their responses set forth above as if fully set forth herein.

39.  In response to the allegations set forth in Paragraph 39 of the Amended Complaint, the terms of the L&S Operating Agreement speak for themselves, and Defendants deny all other characterizations thereof.

40.  Defendants deny the allegations set forth in Paragraph 40 of the Amended Complaint.

41.  Defendants deny the allegations set forth in Paragraph 41 of the Amended Complaint.

## COUNT III - BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

42.  Defendants reallege and incorporate herein by reference their responses set forth above as if fully set forth herein.

43. Defendants deny the allegations set forth in Paragraph 43 of the Amended Complaint.

44. Defendants deny the allegations set forth in Paragraph 44 of the Amended Complaint.

### COUNT IV - UNJUST ENRICHMENT

45. Defendants reallege and incorporate herein by reference their responses set forth above as if fully set forth herein.

46. Defendants deny the allegations set forth in Paragraph 46 of the Amended Complaint.

47. Defendants deny the allegations set forth in Paragraph 47 of the Amended Complaint.

48. Defendants deny the allegations set forth in Paragraph 48 of the Amended Complaint.

### COUNT V - TROVER AND CONVERSION

49. Defendants reallege and incorporate herein by reference their responses set forth above as if fully set forth herein.

50. Defendants deny the allegations set forth in Paragraph 50 of the Amended Complaint.

51. Defendants deny the allegations set forth in Paragraph 51 of the Amended Complaint.

52. Defendants deny the allegations set forth in Paragraph 52 of the Amended Complaint.

### COUNT VI - EQUITABLE LIEN/CONSTRUCTIVE TRUST

53. Defendants reallege and incorporate herein by reference their responses set forth above as if fully set forth herein.

54. Defendants deny the allegations set forth in Paragraph 54 of the Amended Complaint.

55. Defendants deny the allegations set forth in Paragraph 55 of the Amended Complaint.

### COUNT VII - JUDICIAL DISSOLUTION OF L&S, LLC

56. Defendants reallege and incorporate herein by reference their responses set forth above as if fully set forth herein.

57. Defendants deny the allegations set forth in Paragraph 57 of the Amended Complaint.

58. Defendants deny the allegations set forth in Paragraph 58 of the Amended Complaint.

59. Defendants deny the allegations set forth in Paragraph 59 of the Amended Complaint.

WHEREFORE, Defendants Dale Lowery, _et al_., respectfully request that the Amended Complaint be dismissed with

prejudice, that attorneys' fees and the costs of this action be assessed against Plaintiff, and for such other and further relief that the Court may determine.

### **AFFIRMATIVE DEFENSES**

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred pursuant to the terms of the Funding Allocation Agreement.

3. Plaintiff's claims are barred by release.

4. Plaintiff's claims are barred by payment.

5. Plaintiff's claims are barred by waiver.

6. Plaintiff's claims are barred by estoppel.

7. Plaintiff's claims are barred by ratification.

8. Plaintiff's claims are barred because of Plaintiff's interference with the Most Ventures, Inc. contract.

9. Plaintiff's claims are subject to set-off.

10. Plaintiff's claims are barred because of Plaintiff's breach of fiduciary duty.

11. Plaintiff's claims are barred by unclean hands.

```
                    Respectfully  submitted,

                    COOTER, MANGOLD, TOMPERT
                     & KARAS, L.L.P.


                            /s/
                    _____
                    Dale A. Cooter, #227454
                    James E. Tompert, #358952
                    5301 Wisconsin Avenue, N.W.
                    Suite 500
                    Washington, D.C. 20015
                    (202)537-0700
                    efiling@cootermangold.com
```

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 23rd day of July, 2007, a copy of the foregoing **DEFENDANTS DALE LOWERY, ET. AL'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** was filed electronically pursuant to the Electronic Case Filing procedures of the United States District Court for the District of Columbia and sent by electronic mail to:

>David Z. Kaufman, Esq.
>KAUFMAN LAW, P.C.
>11350 Random Hills Road
>Suite 800
>Fairfax, VA 22030
>David@dzklaw.com

                                                  _____/s/_____
                                                  Dale A. Cooter